IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Action No.: 5:15-cr-00029 |
| v. | ) | |
| FELIX ADRIANO CHUJOY, *et al.*, | ) | By: Hon. Michael F. Urbanski |
| Defendants. | ) | United State District Judge |

## MEMORANDUM OPINION

On December 22, 2015, a jury found defendants Felix Adriano Chujoy and Carolyn J. Edlind guilty of conspiracy to engage in witness tampering under 18 U.S.C. § 1512(k) (Count One), witness tampering under 18 U.S.C. § 1512(b)(1) (Count Two), and obstruction of justice under 18 U.S.C. § 1503 (Count Three). The jury also found Edlind guilty of perjury under 18 U.S.C. § 1623 (Count Four), and a second count of obstruction (Count Five).

Before the court is defendants' joint motion for new trial, ECF No. 127.[1] Because the motion is untimely and defendants fail to show excusable neglect for the filing delay, the motion is **DENIED.**

### I.

Trial in this case began on December 16, 2015. At the close of the government's evidence, defendants jointly moved for a judgment of acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure. The court reserved decision, and the trial continued.

---

[1] Defendants also filed a joint motion for acquittal, ECF No. 113, which the court will address in a separate memorandum opinion.

1

The defendants renewed their Rule 29 motion at the close of all the evidence. The court granted the motion in part and submitted the remaining case to the jury. The jury returned a guilty verdict on December 22, 2015.

After the jury returned its verdict, defendants again renewed their Rule 29 motion. The court ordered them to submit written briefs, and set a deadline thirty days after filing of the trial transcript. Defendants timely filed a joint brief in support of their Rule 29 motion, and the court heard oral argument on May 11, 2016.

During the May 11 argument, several issues were raised regarding Count Four, and the court ordered the government and Edlind to file supplemental briefs addressing the following issues: (1) whether the "literal truth" or "fundamental ambiguity" doctrines applied to the false statements alleged in Count Four; (2) whether the analysis of Count Four would be affected were the court to conclude that one or more of the alleged false statements could not support a perjury conviction as a matter of law; (3) whether the absence of a special unanimity jury instruction in Count Four bore on the second issue; and (4) whether the court could consider errors in jury instructions when the defendants had filed only a Rule 29 motion and not a motion for new trial under Rule 33. ECF No. 124. Supplemental briefs were filed on June 1, 2016.

Two days later, on June 3, 2016, Edlind filed a motion for new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure. The court heard a second round of argument on July 20, 2016, focusing specifically on the timeliness of the motion for new trial. During the July 20 hearing, Chujoy orally moved to join Edlind's Rule 33 motion, effectively transforming Edlind's original Rule 33 motion into a joint motion for new trial.

2

II.

Defendants' Rule 33 motion rises and falls on timeliness grounds. The motion was filed nearly six months after trial and almost three months after the extended deadline for post-trial motions. This is well outside the time limits provided by the Federal Rules. Because defendants fail to show excusable neglect for their late-filed motion, the court finds it untimely and will not consider it. Nor does the court have authority to convert the pending Rule 29 motion into a motion for new trial.

A.

A motion for new trial must be filed within fourteen days of a guilty verdict, absent proof of newly discovered evidence. Fed. R. Crim. P. 33(b)(2). However, the time limits in Rule 33 are not jurisdictional, see Eberhart v. United States, 546 U.S. 12, 19 (2005) (per curiam), and must be read in light of Rule 45. Specifically, Rule 45(b) states:

> **(1) In General.** When an act must or may be done within a specified period, the court on its own may extend the time, or for good cause may do so on a party's motion made:
>
> **(A)** before the originally prescribed or previously extended time expires; or
> **(B)** after the time expires if the party failed to act because of excusable neglect.
>
> **(2) Exception.** The court may not extend the time to take any action under Rule 35, except as stated in that rule.

Fed. R. Crim. P. 45(b).

### 1. Is Excusable Neglect Required Under Rule 45(b)(1)?

Most courts, including those in the Fourth Circuit, assume that Rule 45(b)(1) requires a finding of excusable neglect. See, e.g., United States v. Blackwell, 436 F. App'x 192, 198

3

(4th Cir. 2011); United States v. McConnell, No. 2:14-CR-00001, 2015 WL 2365628, at *1 (W.D. Va. May 18, 2015). This requirement comes from Rule 45(b)(1)(B), which states that a court may extend a deadline "if the party failed to act because of excusable neglect."

However, this assumption seems to conflict with the plain language of Rule 45(b)(1). The rule provides: "When an act must or may be done within a specified period, **the court on its own may extend the time,** *or* for good cause may do so on a party's motion . . . ." Fed. R. Crim. P. 45(b)(1) (emphasis added). This language is in the disjunctive. Thus, Rule 45(b)(1) appears to give courts authority to extend the fourteen-day time limit under Rule 45 either on their own *or* on motion of a party who can show excusable neglect. Put differently, Rule 45, on its face, seems to authorize courts to extend time without first addressing excusable neglect. At least one court has so held. United States v. Jensen, No. 08-CR-054, 2010 WL 3809988, at *6 (E.D. Wash. Sept. 27, 2010).

This minority interpretation of Rule 45 has appeal. When a court grants a defendant's Rule 29 motion it must also enter a conditional ruling on any pending motion for new trial in the event the judgment of acquittal is later reversed. Fed. R. Crim. P. 29(d)(1). However, absent a timely filed Rule 33 motion, the court can make no conditional ruling. United States v. Boesen, 599 F.3d 874, 878 (8th Cir. 2010). Accordingly, were the court to embrace the holding in United States v. Jensen, it would likely extend the deadline for post-trial motions and consider the untimely Rule 33 motion.

Nevertheless, despite the textual oddity in Rule 45(b)(1)—and the one case that has invoked it—the balance of authority favors the more common interpretation of the rule.

4

For example, the Advisory Committee Notes make the following observation about Rule 45 and Rule 33:

> The defendant is still required to file motions under Rules 29, 33, and 34 within the seven-day [now fourteen-day] period specified in those rules. The defendant, however, may consistently with Rule 45, seek an extension of time to file the underlying motion as long as the defendant does so within the seven-day period. But the court itself is not required to act on that motion within any particular time. Further, under Rule 45(b)(1)(B), if for some reason the defendant fails to file the underlying motion within the specified time, the court may nonetheless consider that untimely motion if the court determines that the failure to file it on time was the result of excusable neglect.

2005 Advisory Committee Notes, Fed. R. Crim. P. 45. Notably, the Advisory Committee Notes say nothing about the court extending time on its own without a finding of excusable neglect. Instead, they suggest that excusable neglect is required whenever a motion is filed outside the specific time limit provided by the Federal Rules. In light of this commentary—and lacking any binding authority to the contrary—this court parts company with United States v. Jensen and concludes it cannot extend time under Rule 45(b)(1) without first finding excusable neglect for defendants' delay.

### 2. Defendants Fail to Show Excusable Neglect

Though the Fourth Circuit has not yet addressed the excusable neglect standard for late-filed Rule 33 motions, courts routinely apply the factors outlined in Pioneer Investment Services Co. v. Brunswick Associates L.P., 507 U.S. 380, 395 (1993). See, e.g., United States v. McConnell, No. 2:14-CR-00001, 2015 WL 2365628, at *1 (W.D. Va. May 18, 2015); United States v. Jones, No. 12-CR-0640, 2015 WL 2094120, at *2 (D. Md. May 5, 2015); see

5

also United States v. Munoz, 605 F.3d 359, 369 (6th Cir. 2010) (applying the Pioneer factors to late-filed Rule 33 motions). All parties agree that the Pioneer factors apply.[2]

Pioneer provides a four-part test, which considers: (1) the danger of prejudice to the party opposing the motion; (2) the length of the delay and the impact on the judicial proceeding; (3) the reason for the delay and whether it was under the movant's control; and (4) whether the movant acted in good faith. 507 U.S. at 395. Of these factors, the reason-for-delay factor is the most important. Munoz, 605 F.3d at 372. Indeed, "a party that fails to act with diligence will be unable to establish that his conduct constituted excusable neglect." Robinson v. Wix Filtration Corp., LLC, 599 F.3d 403, 413 (4th Cir. 2010). In general, delay caused by strategic decisions or mistakes of law are insufficient, Boesen, 599 F.3d at 880, and a party relying on mistake to show excusable neglect must demonstrate "unusual circumstances warranting an extension." Nasser v. WhitePages, Inc., No. 5:12-CV-00097, 2014 WL 3058570, at *14 (W.D. Va. July 2, 2014). Finally, while it is common to hold the client responsible for delay caused by counsel, this principle is applied "less stringently" in the criminal context. Munoz, 605 F.3d at 369 (citing Stutson v. United States, 516 U.S. 193, 196 (1996)).

Of the four Pioneer factors, the first and fourth favor defendants. As to prejudice, there is little risk of harm to the government. The government raises concerns about lost evidence, fading memories, and a reluctance by witnesses to testify at a second trial. However, "the proper inquiry [under the prejudice factor] is the potential prejudice from

---

[2] Because Chujoy waited until the July 20 hearing to join the Rule 33 motion, both Edlind's initial brief and the government's response brief address arguments specific to Edlind. Chujoy filed no additional briefing on the Rule 33 motion. Thus, the court will assume that Chujoy adopts all the arguments advanced by Edlind in her supporting brief and will likewise assume the government's opposition applies with equal force to Chujoy.

6

having to retry the case after a delay." Munoz, 605 F.3d at 371 n.6. Thus, a court can only consider prejudice attributable to the filing delay, itself. Many of the government's concerns—that witnesses will be reluctant to testify twice, for example—would be equally true had the Rule 33 motion been timely filed in this case. Defendants' joint Rule 29 motion has been pending in this court since December 2015, and even a timely-filed Rule 33 motion would have sat idle while the parties finished briefing and arguing the motion for acquittal. Nor has the late filing forced the government to spend resources reacquainting itself or its agents with the case. Accordingly, the months-long delay does not risk any measurable harm to the government.

Further, there is no bad faith. The government argues the late-breaking Rule 33 motion is an attempt to further delay post-trial rulings in this case. However, the record does not support this claim. For example, Edlind's counsel explained he was prompted to file the Rule 33 motion when the court raised the issue of potential error in the jury instructions during the May 11 hearing. While a notable mistake, this is not bad faith.

The second factor is neutral. On the one hand, defendants' multi-month delay is significant. On the other hand, the delay had little impact on the court's proceedings. Post-trial activity ceased pending a ruling on the defendants' motion for acquittal, and no sentencing has been scheduled in this case. Thus, on balance, this factor favors neither side. Cf. Munoz, 605 F.3d at 372 n.7 (finding "no waste of judicial resources" where defendant filed his Rule 33 motion before sentencing).

The all-important third factor is more problematic. For her part, Edlind offers a three-part explanation: first, she claims she believed a Rule 29 motion was her "best option"

7

because "all the same arguments for granting a new trial exist for granting a judgment of acquittal." ECF No. 127, at 6. Second, Edlind suggests this court has the authority to grant a new trial under Rule 29, making a Rule 33 motion unnecessary. Id. at 7. Lastly, Edlind notes that a busy work and holiday schedule prevented defense counsel from conferring about post-trial strategy until after the fourteen-day deadline had run. Id. Chujoy's explanation is similar—his counsel represented at the July 20 hearing that he believed they had a strong argument for acquittal, making Rule 33 unnecessary. These explanations do nothing to support a finding of excusable neglect.

As a result, this case presents a mixed bag. On the one hand, the absence of bad faith, lack of prejudice to the government, and negligible impact on the court's schedule favor extending the Rule 33 deadline. On the other hand, excusable neglect is not an end-run around the federal rules, and defense counsel's explanation for the error rings hollow in light of the six-month filing delay. In light of all the circumstances, the court concludes that the balance shifts against defendants.

First, "[e]xcusable neglect is not easily demonstrated, nor was it intended to be." Thompson v. E.I. DuPont de Nemours & Co., 76 F.3d 530, 534 (4th Cir. 1996). While the court agrees that the Pioneer test is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission," 507 U.S. at 395, both persuasive and binding precedent weigh heavily against a party whose only excuse is a misreading of the law or a busy work schedule. United States v. Cates, 716 F.3d 445, 449 (7th Cir. 2013) (affirming denial of untimely Rule 29 and Rule 33 motions because "neglect due to a busy schedule is generally not excusable"); Symbionics Inc. v. Ortlieb, 432 F. App'x 216, 220 (4th

8

Cir. 2011) (finding that the district court abused its discretion when it found excusable neglect where counsel's only explanation for the late-filed motion was a "calendaring error"); Robinson, 599 F.3d at 413 (holding in context of late-filed civil appeal that "[a] party that fails to act with diligence will be unable to establish that his conduct constituted excusable neglect"); United States v. Torres, 372 F.3d 1159, 1163 (10th Cir. 2004) (collecting post-Pioneer cases holding that counsel's misunderstanding of federal rules or mistake of law cannot constitute excusable neglect, even where other Pioneer factors favor the movant). This precedent—though more common in the civil context—has been applied with equal force to criminal cases. United States v. Jones, No. 12-CR-0640, 2015 WL 2094120, at *2 (D. Md. May 5, 2015) (finding no excusable neglect for late-filed Rule 33 motion where the defendant offered no evidence "to suggest that the delay was outside [his] control"); United States v. Hawkins, No. 2:10-CR-00458, 2013 WL 5184022, at *2 (E.D. Cal. Sept. 13, 2013) (finding no excusable neglect for late-filed Rule 33 motion in the "absence of any compelling reason for the delay").

Moreover, excusable neglect in criminal cases is generally limited to situations where the filing delay was caused by an intervening change in the law or the admitted ineffective assistance of former trial counsel. See, e.g., Munoz, 605 F.3d at 369–72; United States v. McConnell, No. 2:14-CR-00001, 2015 WL 2365628, at *3 (W.D. Va. May 18, 2015). Though at least one defense counsel in this case has admitted error in not filing a timely Rule 33 motion, there has been no claim of ineffective assistance, nor has there been any change in controlling law since the jury verdict. Accordingly, defendants have not shown excusable

9

neglect for their late filed motion, and the court declines to consider the untimely Rule 33 motion.

## B.

In the alternative, Edlind (and by extension Chujoy) urge the court to convert their timely Rule 29 motion into a Rule 33 motion. Though defendants acknowledge there is no binding precedent on the issue, they ask the court to consider their arguments for acquittal under the Rule 33 standard—effectively converting their Rule 29 motion into a Rule 33 motion—if the court concludes that their Rule 29 arguments are better framed as grounds for a new trial. While defendants' approach finds some support in the case law, the court ultimately sides with the growing number of courts who refuse to order a new trial in the absence of a timely Rule 33 motion.

As defendants note, the Tenth Circuit held in 1970 that a motion for acquittal can be construed as a motion for new trial whenever the Rule 29 motion contains "allegations sufficient to constitute a motion for new trial." United States v. Baker, 432 F.2d 994, 995 (10th Cir. 1970). In so holding, the Baker court stated that Rule 29 did not "specifically authorize[]" nor "specifically prohibit[]" such a procedural move. Id. Relying on Baker, the Sixth Circuit held two decades later that a district court had authority to grant a new trial based on arguments raised in a defendant's motion for acquittal. United States v. Taylor, 176 F.3d 331, 335 (6th Cir. 1999) (noting that Rule 33 "does not address the district court's authority to deny a timely motion for acquittal, while nonetheless concluding that the arguments underlying the motion justify a new trial").

10

However, more recent precedent runs counter to Baker and Taylor. Addressing an identical issue, the First Circuit stated:

> [I]t is transparently clear that even if a motion for judgment of acquittal contains a substantive basis sufficient to ground the grant of a new trial, a court is without power to treat the motion as a motion for a new trial unless it also contains some overt indication that the movant desires that relief. The motion in this case contained no such indication. It invoked Rule 29, not Rule 33, and the only relief requested was an outright acquittal. It was not until . . . well beyond the seven-day deadline . . . that [the defendant] informed the district court of his desire for a new trial. That was too late.

United States v. Moran, 393 F.3d 1, 9–10 (1st Cir. 2004). The First Circuit distinguished the holding in Baker, noting that the Tenth Circuit's decision contained little analysis and was "flatly inconsistent with the Criminal Rules." Id. at 10 n.5.

Likewise, the Ninth Circuit parted company from both Baker and Taylor to reverse a district court who converted a motion for acquittal into a motion for new trial. United States v. Navarro Viayra, 365 F.3d 790, 795 (9th Cir. 2004). After an extensive review of the history and purpose of Rule 29 and Rule 33, the Ninth Circuit concluded:

> Rule 29 prohibits sua sponte conversion of a motion to acquit into a motion for a new trial. Rule 33 precludes a district court from granting a new trial on its own motion. Taken together, the rules permit a judge to order a new trial only in response to a defendant's motion.

Viayra, 365 F.3d at 795. To be sure, the Viayra decision is more nuanced that Moran. In contrast to the First Circuit—which split from the Tenth Circuit's holding in Baker—the Ninth Circuit chose to distinguish Baker on its facts. 365 F.3d at 795. While the Ninth Circuit read Taylor as a broad endorsement of a court's ability to grant new trials sua sponte, it construed Baker as a more limited approach that allowed courts to grant new trials only

11

where the defendant's Rule 29 motion contained "allegations sufficient to constitute" a motion for new trial. Id. Because the defendant in Viayra had not argued that his Rule 29 motion contained such allegations, the Ninth Circuit did not address the issue. Id. Thus, on its face, Viayra does not necessarily bar this court from construing the joint Rule 29 motion as a motion for new trial if defendants can show that their Rule 29 motion contains allegations sufficient to constitute a Rule 33 motion.[3]

Nevertheless, the court finds that Viayra and Moran counsel against converting the joint Rule 29 motion in this case. As both the First and Ninth Circuit recognize, Rule 29 and Rule 33 provide specific time limits. Rule 29 requires a defendant to move or renew a judgment for acquittal within fourteen days of the guilty verdict, subject to the excusable neglect standard found in Rule 45(b)(1)(B). Fed. R. Crim. P. 29(c)(1); Blackwell, 436 F. App'x at 198. The Advisory Committee Notes make clear that the 1966 amendments to Rule 29 "eliminated" a court's power to order a new trial under this rule, noting that motions for new trial are "adequately covered" by Rule 33. Fed. R. Crim. P. 29, Advisory Committee Notes, 1966 Amendments, Subdivision(c).

---

[3] Two other circuit courts have cited Baker in cases similar to this one, though neither offered a ringing endorsement of the Tenth Circuit's reasoning. For example, the Eighth Circuit in United States v. Beran, 546 F.2d 1316 (8th Cir. 1976), held that a district could convert a Rule 29 motion where the motion for acquittal "contains allegations sufficient to constitute a motion for a new trial." Id. at 1319. The Third Circuit employed identical language in United States v. Wright, 363 F.3d 237 (3d Cir. 2004), noting in dicta that a district court "may treat a motion for judgment of acquittal as a motion for a new trial if the arguments underlying the motion [for judgment of acquittal] justify a new trial." Id. at 248 n.4 (internal quotation marks and citations omitted). However, these decisions are of dubious import. Subsequent to Beran, the Eighth Circuit held that a district court lacks the authority to grant a new trial absent a timely-filed Rule 33 motion. United States v. Martinson, 419 F.3d 749, 752 (8th Cir. 2005). While the Martinson court did not address the apparent conflict with Beran, it did note that its decision conformed with the Ninth Circuit's holding in Viayra and the First Circuit's holding in Moran. Id. at 752 n.2. For its part, the Wright court never endorsed the "narrow exception" that allows district courts to convert a Rule 29 motion into a Rule 33 motion, noting only that some courts recognized such an exception. 363 F.3d at 248 n.4. Thus, Beran and Wright do little to advance defendants' claim that this court has authority to convert a joint Rule 29 motion into a motion for new trial nearly six months after the deadline for Rule 33 motions expired.

12

Similarly, Rule 33 permits a new trial only "[u]pon the defendant's motion." Fed. R. Crim. P. 33(a). Rule 33 further provides that any motion for new trial must be filed within fourteen days absent proof of newly discovered evidence. Fed. R. Crim. P. 33(b)(1–2). As in Rule 29, the Advisory Committee Notes in Rule 33 state that a "judge has no power to order a new trial on his own motion" and "can act only in response to a motion **timely made** by a defendant." Fed. R. Crim. P. 33, Advisory Committee Notes, 1966 Amendments (emphasis added). Taken together, these rules show that motions for acquittal and motions for new trial are separate and distinct grounds for relief, and can only be considered when a defendant specifically (and timely) moves for such relief.[4]

Applied here, the language and structure of Rule 29 and Rule 33 bar conversion of defendants' Rule 29 motion. Edlind and Chujoy filed a joint post-trial motion on March 10, 2016. ECF No. 113. The motion is captioned as a "Joint Brief of Defendants in Support of Their Motion for Judgment of Acquittal," cites only to Rule 29, and requests that the court grant the "Rule 29 motions made at the close of the government's case." Id. at 4, 15. Moreover, the original joint motion challenges only the sufficiency of the government's evidence under the Rule 29 standard. Id. at 4–15.

The first reference to allegations invoking Rule 33 comes in Edlind's supplemental brief when she challenged, for the first time, the jury instructions on Count Four. ECF No. 126. This supplemental brief was filed on June 1, 2016, months past the deadline for post-

---

[4] Edlind's citation to United States v. Jimenez Recio, 258 F.3d 1069 (9th Cir. 2001), rev'd on other grounds, 537 U.S. 270 (2003), is unavailing. In Jimenez Recio, the district court denied motions for acquittal and granted a new trial sua sponte. However, this procedural move was not raised on appeal, and was not addressed by the Ninth Circuit or the Supreme Court. As the Ninth Circuit noted in Viayra, "[a]t most, the [Jimenez Recio] court assumed but did not decide" whether the federal rules permit courts to convert Rule 29 motions. Viayra, 365 F.3d at 794–95. Thus, Jimenez Recio offers no guidance in this case.

13

trial motions, and then only after the court specifically ordered Edlind to address the Rule 33 issue during the May 11 hearing.[5] On these facts, this court has no authority to convert the motion for acquittal into a motion for a new trial, just as it had no authority to entertain the untimely Rule 33 motion in the first place

This conclusion mirrors the holding of at least one other district court in the Fourth Circuit. See United States v. Tiari El, No. 3:03-CR-219, 2007 WL 2429189, at *4 (W.D.N.C. Aug. 22, 2007). Like Edlind, the defendants in Tiari El filed a motion for acquittal under Rule 29, but not a timely motion for new trial under Rule 33. Id. at *3. After realizing their arguments for acquittal were better considered under Rule 33 standard, the defendants urged the district court to convert their Rule 29 motion into a motion for new trial. Id. The court refused, citing Moran, Viayra, Martinson, and their progeny to hold that it had no authority for such a conversion. Id. at *3–4. This court is compelled to reach the same conclusion.

In sum, defendants were required to seek a new trial under Rule 33 within fourteen days of the guilty verdict. They failed to do so. Because they can show no excusable neglect—and because this court lacks authority to convert the Rule 29 motion into a Rule 33 motion—the court can only consider defendants' timely-filed Rule 29 motion. The Rule 33 motion, ECF No. 127, is thus **DENIED**.

---

[5] Edlind claims in her supplemental brief that she informed the court prior to May 11 of "errors which would be better corrected by a new trial [rather] than an outright acquittal." ECF No. 126, at 10. The court could find no evidence of this. From the start, Edlind and Chujoy sought an outright acquittal under Rule 29. The record shows no mention prior to the May 11 hearing that either defendant sought a new trial, even on sufficiency-of-the-evidence grounds. Instead, it appears Edlind first recognized the potential import of Rule 33 on May 11, which led to her subsequent request for conversion and the filing of her untimely motion for new trial.

14

III.

For the reasons set forth above, the court **DENIES** defendants' joint motion for new trial, ECF No. 127. An appropriate Order will be entered.

Entered: 09-13-2016

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge